UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES J. ESLER,

        Plaintiff,

  v.                                                Case No. 06-C-514

MOR-SUBS, INC., et al,

        Defendants.

**ORDER**

Plaintiff James J. Esler has brought an action under the Americans with Disabilities Act, 42 U.S.C. § 12101-213 (2004). He has also filed a motion for leave to proceed *in forma pauperis*. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring suit in federal court. 28 U.S.C. § 1914. The federal *in forma pauperis* statute, 28 U.S.C. § 1915, however, insures indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915 authorizes an indigent party to commence a federal court action, without costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a).

Recognizing that some nonpaying litigants may attempt to abuse this privilege, however, Congress also authorized the courts to dismiss such a case if the allegation of poverty is untrue, or if satisfied that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28

U.S.C. § 1915(e)(2). An action is considered frivolous if there is no arguable basis for relief either in law or fact. *Neitzke*, 490 U.S. at 325.

In making such determinations, the court must give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and must accept well-pleaded factual allegations as true. But even pro se allegations must contain at least "some minimum level of factual support." *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989). Persons should not be allowed to proceed *in forma pauperis* if their claims are so lacking in specific facts that the court must invent factual scenarios that cannot be inferred from the pleadings. *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 758 (7th Cir. 1988).

Plaintiff has filed the required affidavit of indigence. Review of that affidavit reveals that plaintiff is presently unemployed and has $5.00 in liquid assets. He receives $960.00 per month in disability payments, all of which goes to pay for his food, rent, phone, prosthetics, and child support. Based on plaintiff's affidavit of indigence, the court is satisfied that he meets the poverty requirements of 28 U.S.C. § 1915.

The court now turns its attention to the substance of the complaint. Liberally construed, the complaint alleges that Defendant Mor-Subs, Inc., discriminated against plaintiff on the basis of his disability (a prosthetic leg) by reducing his hours, reducing his hourly wage, and, ultimately, by terminating his employment. These facts may amount to the sort of disability discrimination that is prohibited by the ADA. Accordingly, plaintiff will be allowed to proceed.

I note that the ADA also requires victims of disability discrimination to file a charge with the Equal Employment Opportunity Commission (EEOC), or, in Wisconsin, the Wisconsin Department of Workforce Development, Equal Rights Division (ERD), as a condition precedent

2

to bringing suit. *See* 42 U.S.C. § 2000e-5 *and* 42 U.S.C. § 12117(a). Once it receives a charge, the EEOC/ERD investigates the alleged discrimination and attempts to remedy it without litigation. If that is not possible, the ERD issues the complainant a right-to-sue letter, which gives the complainant ninety days to file a lawsuit in federal court. Although the complaint does not allege that plaintiff filed a charge or received a right-to-sue letter, it appears from plaintiff's filings in an earlier case that he did in fact satisfy this condition precedent.[1]

Plaintiff has also requested that counsel be appointed to represent him in this matter. He claims he lacks the financial resources to hire counsel on her own and asks that the Court appoint an attorney to assist him. This request will be denied. Indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *McKeever v. Israel*, 689 F.2d 1315 (7th Cir. 1982). Although the court has the power to request an attorney to represent an indigent litigant, 28 U.S.C. § 1915(e)(1), the decision is a discretionary one. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). In determining whether to appoint counsel in a civil case, a threshold matter is whether the litigant has attempted to retain counsel herself. *Id.* at 1072-73. Once the plaintiff has established that his reasonable efforts to obtain counsel were unsuccessful I may consider a nonexhaustive list of five factors:

> (1) the merits of the indigent's claim for relief; (2) the ability of the indigent plaintiff to investigate crucial facts unaided by counsel; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint.

*Id.* at 1072.

---

[1] Plaintiff made similar allegations in a complaint filed in this court on March 7, 2005. *Esler v. Subway*, No. 05-0251 (E.D. Wis.). On July 19, 2005, the court dismissed that case, without prejudice, because plaintiff failed to name the proper defendant. The United States Court of Appeals for the Seventh Circuit summarily affirmed on April 10, 2006.

Plaintiff does not indicate that he contacted any attorneys but was unsuccessful in obtaining representation. This may be an avenue worth pursuing. If an attorney believes that his case has merit, he or she may agree to represent him on a contingency fee basis at no cost to him. In truth, this is how most civil rights plaintiffs obtain representation. In addition, attorneys fees are recoverable from the defendant in the event plaintiff prevails on her claim. Thus, if he has not done so already, plaintiff may wish to retain counsel on his own.

In the event he is unable to obtain representation in this manner, plaintiff may renew his motion. In view of the fact that plaintiff is not incarcerated and has the use of a telephone, however, I see no reason why he should not be able to retain counsel on his own, assuming his claim has merit. He may wish to contact the State Bar of Wisconsin's Lawyer Referral and Information Service online at http://www.legalexplorer.com/lawyer/lawyer.asp or by telephone at (800) 362-9082. Because plaintiff has made no showing of any attempt to retain counsel on his own, his request for appointment of counsel will be denied at this time without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's request for the appointment of counsel is **DENIED.**

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Civ. P. 4(c)(2), the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon the defendants. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided in 28 C.F.R.

§§ 0.114(a)(2), (a)(3). Even though Congress requires the court to order service by the U.S. Marshals Service when an impoverished person is permitted to proceed *in forma pauperis*, Congress has not provided for these fees to be waived, either by the court or the U.S. Marshals Service.

Plaintiff is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the court to the opposing party or its attorney(s). Plaintiff should also retain a personal copy of each document. If Plaintiff does not have access to a photocopy machine, Plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the Defendant or to its attorney(s).

In addition, the parties must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Nothing in this order or in 28 U.S.C. § 1915 precludes the Defendant from moving to dismiss any claim identified in this order as potentially existing in the complaint if the Defendant believes the complaint fails to state a claim upon which relief can be granted or is otherwise defective.

Dated this   29th   day of April, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
