UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES J. ESLER,

        Plaintiff,

    v.                                      Case No. 06-C-514

MOR-SUBS, INC., MICHAEL MORTIER
and JULIE MORTIER,

        Defendants.

## ORDER OF DISMISSAL

Defendants have moved this court to dismiss plaintiff's employment discrimination action on the ground that he failed to obtain a right-to-sue letter identifying the defendants and/or on the ground that he failed to bring an action against defendants within the prescribed statutory period of ninety days. On the basis of the latter reason, as explained below, defendants' motion to dismiss this case will be granted.

## FACTS

Michael Mortier is the sole shareholder of Mor-Subs, Inc., which is a Wisconsin corporation operating two Subway restaurants in Appleton, Wisconsin. (Mortier Aff.¶ 2-3, Docket #10, Case No. 05-C-251.) In late July of 2002, Esler was hired to work at one of the above-mentioned Subway restaurants, but his employment was terminated just four days later. (Esler Compl. at 3-4, Case No. 05-C-251.) Esler alleged in his initial complaint that "Subway" discriminated against him on the basis of his disability (a prosthetic leg) not only by terminating his employment, but also by reducing his hours and his hourly wage. (*Id.*) On December 20, 2004, the U.S. Equal Employment

Opportunity Commission (EEOC) mailed Esler a Notice of Right to Sue in the wake of failed efforts to conciliate his employment discrimination charge against respondent Subway. (*Id.*) Esler filed suit against Subway on March 7, 2005, alleging employment discrimination on account of his disability in violation of the Americans with Disabilities Act (ADA). (Esler Compl., Case No. 05-C-251.) As part of this court's order of March 11, 2005, which granted Esler's request to proceed *in forma pauperis*, I warned him that unless he amended his complaint, he risked dismissal of his suit for failure to name a proper defendant, given that "Subway" is not a sue-able legal entity. (Order at 2-3, Docket #3, Case No. 05-C-251.) Esler, however, took no action in the wake of this court's suggestion, and on July 18, 2005, this court granted, without prejudice, Subway's motion to dismiss. (Order, Docket #14, Case No. 05-C-251.) Esler appealed, and on March 15, 2006, the United States Court of Appeals for the Seventh Circuit affirmed. (COA, Docket #14, Case No. 05-3154.) On April 24, 2006, Esler filed an employment discrimination suit against defendants, alleging essentially the same facts that had formed the basis of his prior complaint. (Esler Compl. Docket #1.) Defendants have moved this court to dismiss Esler's current suit on two bases: (1) without a right-to-sue letter from the EEOC identifying the defendants, plaintiff may not bring an action against them; and (2) plaintiff's current suit is barred by the applicable statute of limitations, under which a complainant alleging ADA violations must bring suit in federal court within ninety days of receipt of the EEOC right-to-sue letter.

## ANALYSIS

Defendants' motion to dismiss the action under Rule 12(b)(6) challenges the sufficiency of Esler's complaint to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).

Dismissal of an action under such a motion is warranted if the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The essence of a Rule 12(b)(6) motion is not that the plaintiff has pleaded insufficient facts; it is that even assuming all of his facts are accurate, he has no legal claim. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999). While a court may not ordinarily consider matters outside the pleadings in evaluating a 12(b)(6) motion, the court may take judicial notice of matters of public record, including public court documents, without converting such a motion into a motion for summary judgment. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). Defendants argue that Esler's complaint fails under Rule 12(b)(6) on two grounds: (1) he failed to meet the ADA's condition precedent to bringing a suit against them, and (2) his action was barred by the applicable statute of limitations.

**I. ADA Conditions Precedent to Bringing a Suit**

Under the ADA, a person claiming disability discrimination must file a charge with the EEOC, or, in Wisconsin, the Wisconsin Department of Workforce Development, Equal Rights Division (ERD), as a condition precedent to bringing suit. *See* 42 U.S.C. § 2000e-5 *and* 42 U.S.C. § 12117(a). After it receives a charge, the EEOC/ERD investigates the alleged discrimination and attempts to remedy it without litigation. If that is not possible, the EEOC/ERD issues the complainant a right-to-sue letter, which gives the complainant ninety days to file a lawsuit in federal court against the respondent named in the charge. *See* 42 U.S.C. § 2000e-5(f)(1).

Suits brought under the ADA are subject to the same requirements and prerequisites as actions brought under Title VII. *See* 42 U.S.C. § 12117(a). Since "it is well settled that ordinarily

a party not named in an EEOC charge may not be sued under Title VII," *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 905 (7th Cir. 1981), the same standard applies to actions brought under the ADA, namely, that parties not named in the EEOC charge are ordinarily not subject to suit in a private civil action. However, *Eggleston* also set forth an exception to that rule: "[W]here an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance, the charge is sufficient to confer jurisdiction over that party." *Id.* (citations omitted). The *Eggleston* court explained that the remedial purposes of Title VII (and by extension, those of the ADA as well) justify this exception under which "[EEOC] charges are to be construed with 'utmost liberality' and parties sufficiently named or alluded to in the factual statement are to be joined [in the charge]." *Id.* at 906 (citation omitted).

The letter dated March 5, 2004, from defendants' counsel, Bruce Chudacof, to Wendy Martin of the EEOC clearly indicates that defendants had adequate notice of the EEOC charge and had been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance. (Esler Resp. to Mot. to Dismiss, Attach.) In the letter, Mr. Chudacof states that his clients (Michael and Julie Mortier) "have indicated a desire to conciliate this matter if that is possible," that he has "reviewed with them [the] suggested conciliation agreement" and that his clients "will agree to a conciliation agreement" under terms set forth in the letter. (*Id.*) The letter was carbon-copied to the Mortiers. (*Id.*) Thus, the defendants were sufficiently on notice of the EEOC charge and had been given the opportunity to participate in conciliation efforts–did, in fact, participate in conciliation efforts, although these ultimately failed.

4

Under the *Eggleston* exception, then, Esler was entitled to bring suit against the defendants even though they were not named as respondents in the EEOC charge.

**II. Statute of Limitations Bar**

A complainant has ninety days to bring an employment discrimination action after receipt of a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). Especially relevant here is the fact that this prescriptive period "is not tolled by filing a complaint that is later dismissed without prejudice." *Chico-Velez v. Roche Products, Inc.*, 139 F.3d 56, 56 (1st Cir. 1998). Instead, "the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing." *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000). *See also Conover v. Lein*, 87 F.3d 905, 908-09 (7th Cir.1996); *Powell v. Starwalt*, 866 F.2d 964, 966 (7th Cir.1989). Thus, the fact that Esler's first complaint was dismissed without prejudice kept the clock running on the ninety-day period within which he was required to bring suit.

Again, for purposes of bringing an ADA action, the clock begins to run on the day the complainant or his attorney receives the right-to-sue letter from the EEOC. *Jones v. Madison Service Corp.*, 744 F.2d 1309, 1312 (7th Cir. 1984). The EEOC mailed Esler a right-to-sue letter, designating "Subway" as the respondent, on December 20, 2004. Esler has not alleged any facts indicating that his receipt of that letter was unduly delayed, so it is reasonable to assume he received the letter within one week. Under this assumption, Esler had until March 27, 2005, to bring an action. He did file an action on March 7, 2005, but as indicated above, his action was dismissed without prejudice for failure to name a proper party as defendant. Given that this dismissal was

5

without prejudice, no tolling occurred; the March 27, 2005, deadline remained operative.[1] Esler, however, failed to bring an action by that date. On April 24, 2006, Esler filed the current complaint against defendants, well over one year after the ninety-day period had expired. His current complaint can survive the statute of limitations defense, therefore, only if this court finds that the limitations period should be tolled for equitable reasons.

The requirement to file within ninety days of receipt of the right-to-sue letter is not a jurisdictional prerequisite, but functions instead like a statute of limitations and is subject to equitable tolling. *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). The United States Supreme Court has given a non-exhaustive list of scenarios in which equitable tolling might be appropriate: where the claimant had received inadequate notice from the EEOC, where a motion for appointment of counsel was pending, where the court had led the plaintiff to believe that further action was unnecessary, or where affirmative conduct by the defendant had lulled the plaintiff into inaction. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984). However, the Court has also indicated that it is generally "much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). In a similar vein, the Seventh Circuit has held that "equitable tolling is to be restricted and reserved only for situations in which the claimant has made a good faith error (e.g.,

---

[1] Of course, the deadline would move in accord with Esler's receipt of the EEOC letter, but this would be at most a few days before or after March 27, 2005. In light of the fact that Esler missed the filing deadline by over a year, a few days one way or the other cannot be considered relevant.

6

brought suit in the wrong court) or has been prevented in some extraordinary way from filing his complaint in time." *Jones v. Madison Service Corp.*, 744 F.2d 1309, 1314 (7th Cir. 1984).

I find no equitable grounds for tolling the limitations period in this case. Plaintiff has not been affirmatively misled or lulled into inaction by defendants; the EEOC has not been derelict in providing plaintiff with notice; in short, no circumstances exist that would bring plaintiff's situation within the ambit of well-recognized equitable exceptions to the ninety-day filing requirement. When this court granted plaintiff's motion to proceed *in forma pauperis*, I clearly warned him that he risked dismissal of his suit unless he amended his complaint so as to name a proper defendant. (Order, Docket #3, Case No. 05-C-251.) I even suggested categories of legal entities against whom he could bring an action. (*Id.*) Had plaintiff simply amended his original complaint so as to name a proper defendant in timely fashion, his original complaint could have proceeded and he would have avoided the current motion to dismiss. Given plaintiff's lack of diligence in amending his original complaint, it would be especially inappropriate for this court to toll the limitations period on equitable grounds.[2] Also weighing against the plaintiff in terms of equitable considerations is the fact that his decision to appeal the dismissal of his first action rather than to amend his complaint per this court's suggestion has cost both the courts and the defendants considerable expenditures of money and time.

While this result might seem harsh in light of the fact that plaintiff has been representing himself, "even uncounseled litigants must act within the time provided by statutes and rules." *Williams-Guice v. Bd. of Educ. of City of Chicago*, 45 F.3d 161, 164 (7th Cir. 1995).

---

[2] "One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984).

7

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss (Docket #7) is hereby **GRANTED** and this case is **DISMISSED.** Each party shall bear its own fees and costs.

Dated this   18th   day of August, 2006.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge